**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re                                              ) | |
| JONATHAN M. MORRIS,                )  | Case No. 3:16-bk-2229-PMG |
| Debtor.                          )  | Chapter 7 |
|                                                   ) | |
| RIMROCK DESIGN, INC., a Florida  )  | Adversary No. |
| corporation,                                   | |
|                                                   ) | |
| Plaintiff,                    ) | |
| v.                                             ) | |
| JONATHAN M. MORRIS,             ) | |
| Defendant.                  ) | |

**COMPLAINT TO EXCEPT DEBT FROM**
**DEFENDANT'S DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)**

Plaintiff, Rimrock Design, Inc., a Florida corporation ("Rimrock"), sues defendant, Jonathan M. Morris ("Defendant"), and alleges:

1. This adversary proceeding arises from the referenced Chapter 7 case and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334(b).

2. This adversary proceeding seeks exceptions to the discharge pursuant to 11 U.S.C. § 523(a).

3. This action is a "core" proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (I) and (O).

4. Defendant is a natural person residing in at 255 SW Walter Avenue, Lake City, Florida 32024-1738.

5. Plaintiff is a Florida Corporation with its principal place of business in Lake City, Columbia County, Florida.

6. On June 14, 2016, Defendant filed for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

7. Prior to the Petition Date, Defendant had been employed as Rimrock's Estimating Manager, responsible for preparing proposals, bids and estimates to Rimrock's customers in connection with the sale of Rimrock's products and services nationwide. In that capacity, defendant Morris' was continually exposed to Rimrock's internal, proprietary cost and pricing strategies.

8. In conjunction with his work at Rimrock, Defendant executed a Covenant Not to Compete (the "Morris Non-Compete").

9. Defendant Morris, acting in concert with one or more other Rimrock employees, breached the Morris Non-Compete in the following manner:

   a. Secretly soliciting from Rimrock's existing customers purchase orders for products/services normally provided by Rimrock and instead diverting those purchase orders to Morris' wholly owned captive business entity, Ridgepoint Design & Associates, LLC ("Ridgepoint");

   b. Secretly soliciting from Rimrock's propriety vendors and suppliers tile products to furnish to Rimrock's existing customers to fulfill purchase orders diverted to Morris' captive company, Ridgepoint;

    c. Secretly using Rimrock's confidential pricing strategies to formulate purchase orders for diverting business to themselves and their captive companies;

    d. Secretly using Rimrock's proprietary logistics strategies and information to deliver diverted sales to Rimrock's existing customers;

    e. Secretly using Rimrock's computers during normal business hours to facilitate the above disloyal activities;

    f. Secretly using customer contacts developed as a result of their employment at Rimrock to direct business away from Rimrock, even while continuing to draw salary commission and other benefits as an employee of Rimrock;

    g. Secretly engaging in disloyal activities competitive with Rimrock while still employed at Rimrock knowing that such activities were absolutely prohibited during and after the period of their employment; and

    h. Secretly using Rimrock's proprietary files, forms, contracts, pricelist, client lists, leads etc. for personal financial gain, to the detriment of Rimrock and Rimrock's relationship with its existing customers.

10. Based on the foregoing breach, certain specific funds that were the property of Rimrcok, totaling $316,856.66, were taken by Defendant and Ridgepoint without authorization or entitlement and converted to Defendant Morris and Ridgepoint.

11. As a result of the foregoing, Rimrock was forced to file an action against Defendant in that certain prepetition case styled *Rimrock Design, Inc. v. Jonathan M. Morris, et al.*, Circuit Court, Third Judicial Circuit, Columbia County, Florida; Case No.

2015-CA-000159 (the "Columbia County Action"). The complaint alleges that Defendant has misappropriated company funds for his own benefit, breached his contract, breached his duty of loyalty, committed civil theft, converted funds to his use and fraudulently concealed matters from Rimrock.

### Count One

### (11 U.S.C. § 523(a)(2)(A))

12. Rimrock realleges and incorporates by reference the allegations set forth in paragraphs 1 through 11 of this adversary complaint.

13. In breach of the Morris Non-Compete, Defendant has obtained money and property through diverting business from clients of Rimrock to himself and Ridgepoint.

14. Defendant's actions as described herein constitute "false pretenses, false representation and/or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A).

15. Defendant's actions have caused injury and damage to Rimrock.

16. The damages resulting from Defendant's conduct should therefore be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

17. All conditions precedent to the initiation of this action have been performed or have occurred.

WHEREFORE, Rimrock requests (i) a money judgment against Defendant, (ii) a declaration that the debts owed to Rimrock be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (iii) an award of attorney fees and costs as provided by law, and (iv) such other relief as is appropriate.

### Count Two

**(11 U.S.C. § 523(a)(4))**

18. Rimrock realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 of this adversary complaint.

19. Defendant has embezzled funds belonging to Rimrock to the detriment of Rimrock.

20. Defendant's actions as described herein constitute "embezzlement" within the meaning of 11 U.S.C. § 523(a)(4).

21. Defendant's embezzlement has caused injury and damage to Rimrock.

22. The damages resulting from Defendant's conduct should therefore be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4).

23. All conditions precedent to the initiation of this action have been performed or have occurred.

WHEREFORE, Rimrock requests (i) a money judgment against Defendant, (ii) a declaration that the debts owed to Rimrock be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4), (iii) an award of attorney fees and costs as provided by law, and (iv) such other relief as is appropriate.

### Count Three

**(11 U.S.C. § 523(a)(4))**

24. Rimrock realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 of this adversary complaint.

25. Defendant has stolen property belonging to Rimrock to the detriment of Rimrock.

26. Defendant's actions as described herein constitute "larceny" within the meaning of 11 U.S.C. § 523(a)(4).

27. Defendant's larceny has caused injury and damage to Rimrock.

28. The damages resulting from Defendant's conduct should therefore be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4).

29. All conditions precedent to the initiation of this action have been performed or have occurred.

WHEREFORE, Rimrock requests (i) a money judgment against Defendant, (ii) a declaration that the debts owed to Rimrock be excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4), (iii) an award of attorney fees and costs as provided by law, and (iv) such other relief as is appropriate.

**THAMES MARKEY & HEEKIN, P.A.**

By_____
    */s/ Robert A. Heekin, Jr.*
    Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

Attorneys for Rimrock Design, Inc.