**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| JONATHAN M. MORRIS, | ) | Case No. 3:16-bk-2229-PMG |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| RIMROCK DESIGN, INC., a Florida corporation, | ) | |
| | ) | Adversary No. 3:16-ap-235-PMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| JONATHAN M. MORRIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Rimrock Design, Inc., a Florida corporation ("Rimrock") responds to the motion to dismiss (the "Motion to Dismiss") [Docket No. 4] filed by defendant, Jonathan M. Morris ("Defendant"), as follows:

1. On October 28, 2016, Rimrock filed an adversary complaint against Defendant seeking to except a debt from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) (the "Complaint") [Docket No. 1].

2. On December 16, 2016, Defendant filed his Motion to Dismiss [Docket No. 4].

3. As for Count I of the Complaint, Defendant states that Rimrock has failed to plead an action for fraud under § 523(a)(2)(A) with heightened particularity. However, Rimrock has pled sufficient facts to demonstrate an inference of fraud, thereby allowing its Complaint to survive Defendant's Motion to Dismiss:

> Alleged facts are sufficient to support an inference of fraud if the facts identify circumstances that indicate conscious behavior on the part of the defendant."
>
> *Durns v. Dawson (In re Dawson)*, 264 B.R. 13, 16 (Bankr. N.D. Ia. 2001).

*See also Mendizabal v. Hernandez-Abreu (In re Hernandez-Abreu)*, No. 12-13659, 2014 Bankr. LEXIS 877 at *8 (Bankr. S.D. Fla. Jan. 9, 2014) (section 523(a)(2)(A) claims may be proven by an implied misrepresentation).

4. The facts contained in Rimrock's Complaint are (i) that Defendant began to work for Ridgepoint while he was still employed by Rimrock, (ii) that he misappropriated Rimrock's customers and future business for the benefit of Ridgepoint while he was still employed by Rimrock, and (iii) that these actions resulted in damages suffered by Rimrock.

5. The fact that Defendant may or may not have made an affirmative statement with regards to his duplicitous actions is immaterial as silence regarding his actions can be considered fraudulent for purposes of § 523:

> [A] debtor's silence regarding a material fact can rise to the level of fraud, where it regards a material fact.
>
> *Cochran v. Reath (In re Reath)*, 368 B.R. 415, 424 (Bankr. N.J. 2006).

6. As for Count II of the Complaint, the Defendant states that the Complaint fails to allege that Defendant "did not earn the funds or was not lawfully entitled to use funds for purposes for which they were in fact used." Motion to Dismiss, p, 8.

7. That is however exactly what Defendant did, and these facts were clearly pled in Rimrock's Complaint. While the funds were not yet owned by Rimrock because of the nature of new, incoming business, it was property (the business opportunity) that had lawfully come into Rimrock's hands which Defendant subsequently diverted for his own gain. Simply stated, Defendant <u>stole</u> Rimrock's new clients and business.

8. Similarly, as for Count III of the Complaint, Defendant states that for larceny to occur, "the property allegedly taken by the Defendant must not have been lawfully entrusted to the Defendant" and that "the debt at issue arose from fraudulent taking and carrying away of property of another with intent to convert such property to his use without consent of another . . . In simple terms, it is theft of property by the Defendant." Motion to Dismiss, p. 10.

9. As stated herein above, Rimrock clearly met its burden by providing the factual allegations to support a cause of action for embezzlement – that Defendant stole funds belonging to Rimrock (i.e., the profit associated with the stolen business opportunity) and converted them to Defendant's own benefit.

10. For all of the foregoing reasons, therefore, Rimrock's Complaint has been adequately pled to provide enough notice to Defendants about the nature of the claims contained therein.

WHEREFORE, Rimrock respectfully requests entry of an order (i) denying Defendant's Motion to Dismiss, and (ii) granting such further relief as is deemed appropriate.

**THAMES MARKEY & HEEKIN, P.A.**

*/s/ Robert A. Heekin, Jr.*
By_____
Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

Attorneys for Rimrock Design, Inc.

## Certificate of Service

I hereby certify that on January 12, 2017, the following pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notices in this case.

*/s/ Robert A. Heekin, Jr.*
_____
Attorney

128