**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| JONATHAN M. MORRIS, | ) | Case No. 3:16-bk-2229-PMG |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| RIMROCK DESIGN, INC., a Florida corporation, | ) | |
| | ) | Adversary No. 3:16-ap-235-PMG |
| Plaintiff, | ) | |
| v. | ) | |
| JONATHAN M. MORRIS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR**
**FAILURE TO ATTEND DEPOSITION HELD ON JULY 21, 2017**

Plaintiff, Rimrock Design, Inc. ("Plaintiff"), responds to the motion for sanctions against Plaintiff for failure to attend the deposition held July 21, 2017 (the "Motion for Sanctions") filed by Jonathan M. Morris ("Defendant") on July 24, 2017 [Docket No. 18], and states:

1.      Defendant filed his Chapter 7 bankruptcy petition on June 14, 2016 (the "Petition Date").

2.      Prior to the Petition Date, Defendant had been employed as Plaintiff's Estimating Manager, responsible for preparing proposals, bids and estimates to Plaintiff's

customers in connection with the sale of Plaintiff's products and services nationwide. In that capacity, Defendant was continually exposed to Plaintiff's internal, proprietary cost and pricing strategies.

3.      In conjunction with his work at Plaintiff, Defendant executed a Covenant Not to Compete (the "Morris Non-Compete"). Defendant, acting in concert with one or more of Plaintiff's employees, breached the Morris Non-Compete as more fully set forth in the complaint filed in this matter.

4.      On October 28, 2016, Plaintiff filed this adversary complaint against Defendant seeking to except debts associated with the breach of the Morris Non-Compete from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) [Docket No. 1].

5.      On June 5, 2017, counsel for Defendant requested, in an email to undersigned, possible dates for the deposition two of Plaintiff's principals. At or about the same time, counsel for Plaintiff underwent a change in its administrative staffing and inadvertently failed to obtain any deposition dates in response to the request from counsel for Defendant.

6.      Rather than send a follow up request, on June 16, 2017, counsel for Defendant unilaterally set the depositions of Plaintiff's principals for July 21, 2017. Undersigned immediately advised Defendant of a pre-existing conflict that precluded his attendance on July 21, 2017, namely a previously scheduled trip to Cincinnati, Ohio to attend a family wedding. Though the parties discussed potential alternative dates to hold the depositions, a final date was not agreed to by the parties.

7.      Nonetheless, despite having knowledge of the undersigned's unavailability, and despite the parties' correspondence on the matter being limited to a

total of five emails sent on June 5 and June 16, collectively, counsel for Defendant apparently proceeded with the deposition on Friday, July 21, 2017.

8.       On Monday, July 24, 2017, Defendant filed the Motion for Sanctions.

9.       The undersigned admits that, in hindsight, confirmation of a continued date for the depositions would have resolved this situation short of court intervention. That said, in nearly 14 years of practice, never has the undersigned experienced opposing counsel proceeding with a unilaterally scheduled deposition despite having been immediately advised of his unavailability, particularly so far in advance of the actual deposition itself.

10.      Plaintiff respectfully suggests that the relief sought in this Motion for Sanctions is overly broad compared to the alleged injury suffered by the Defendant in this case and, therefore, the Motion for Sanctions should be denied, based in large part on a lack of good faith on the part of Defendant in maintaining the deposition date despite the stated unavailability of the undersigned to attend same.

WHEREFORE, Rimrock respectfully requests entry of an order (i) denying Defendant's Motion for Sanctions, and (ii) granting such further relief as is deemed appropriate.

**THAMES MARKEY & HEEKIN, P.A.**

*/s/ Robert A. Heekin, Jr.*
By_____
    Robert A. Heekin, Jr.

Florida Bar Number 0652083
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rah@tmhlaw.net

Attorneys for Rimrock Design, Inc.

4

**<u>Certificate of Service</u>**

I hereby certify that on August 7, 2017, the following pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files System, which will send a notice of electronic filing to Bryan K. Mickler, Esq., Law Offices of Mickler & Mickler, LLP, 5452 Arlington Expressway, Jacksonville, Florida 32211 (bkmickler@planlaw.com), and all creditors and parties in interest who have consented to receiving electronic notices in this case.

*/s/ Robert A. Heekin, Jr.*

_____
Attorney

74