UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Case No. 3:16-bk-2229-PMG

Jonathan M. Morris,

_____Debtor.                          Chapter 7


Rimrock Design, Inc.,

                    Plaintiff,

vs.                                                 Adv. No. 3:16-ap-235-PMG


Jonathan M. Morris,

_____Defendant.


FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION

THIS CASE came before the Court for trial on the Complaint to Except Debt from Defendant's Discharge Pursuant to 11 U.S.C. §523(a).

Generally, a debt may be excepted from a debtor's discharge under §523(a)(2)(A) of the Bankruptcy Code for "actual fraud," if the debt was incurred by intentional deception or trickery. Also, a debt may be excepted from the debtor's discharge under §523(a)(4) of the Bankruptcy Code for "embezzlement," if the debtor fraudulently appropriated property that had been entrusted to him.

1

In this case, the Debtor was employed by Rimrock Design, Inc. (Rimrock), a flooring company, from 2009 to 2015. At the same time, the Debtor was the sole owner of a separate entity known as Ridgepoint Design & Associates, LLC (Ridgepoint).

While he was employed by Rimrock, the Debtor used Ridgepoint to sell flooring materials to one of Rimrock's existing customers for a profit, without disclosing the transactions to Rimrock.

Under these circumstances, the Court finds that the Debtor incurred a debt to Rimrock by deception or trickery, and by misappropriating a business opportunity that had been entrusted to him by Rimrock. Consequently, the debt is nondischargeable in the Debtor's Chapter 7 case pursuant to §523(a)(2)(A) and §523(a)(4) of the Bankruptcy Code.

## Background

Rimrock has engaged in business as a full-service national flooring company since approximately 1998.

The Debtor was employed by Rimrock in 2009, and worked for Rimrock as its Estimating Manager. On April 4, 2013, the Debtor signed a Covenant Not to Compete with Rimrock. (Rimrock's Exhibit 3; Debtor's Exhibit 2).

Beginning in May or June of 2013, the Debtor also was the sole owner of a separate entity known as Ridgepoint Design & Associates, LLC (Ridgepoint). Ridgepoint provided design services that were different from the type of work performed by Rimrock.

Kona Grill was a significant customer of Rimrock since at least September or October of 2013. (Rimrock's Exhibit 8).

In December of 2014, the Debtor and Terrence Ryan Smith (Smith) discussed Rimrock's account with Kona Grill. Smith was Rimrock's Director of Project Development.

2

According to the Debtor, Smith told him that Kona Grill wanted a certain type of Italian tile that Rimrock was unable to provide. Accordingly, the Debtor and Smith reached an agreement (1) for Smith's company (R&L Companies, LLC) to purchase the tile from a vendor known as Vitromex USA, Inc., and (2) for the Vitromex tile to be sold to Kona Grill using purchase orders issued by Kona Grill to Ridgepoint. Ridgepoint was used to sell the tile to Kona Grill because it had an established bank account to receive the sales proceeds and pay the related expenses.

The agreement further provided for Smith to receive 60% of the profits from the sales, and for the Debtor to receive 40% of the profits from the sales.

In furtherance of the agreement, Kona Grill paid Ridgepoint the following amounts on account of specific invoices sent by Ridgepoint to Kona Grill for the Vitromex flooring:

   December 11, 2014 - $66,263.09

   February 10, 2015 - $38,088.50

   February 20, 2015 - $24,146.06

   March 23, 2015 - $188,359.04

(Rimrock's Exhibit 9; Debtor's Exhibit 5).

The Debtor never informed Rimrock about Ridgepoint's transactions with Kona Grill.

Rimrock discovered the transactions in April of 2015, and terminated the Debtor's employment. (Rimrock's Exhibit 7; Debtor's Exhibit 7).

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on June 14, 2016.

## Discussion

On October 28, 2016, Rimrock filed a Complaint to Except Debt from Defendant's Discharge Pursuant to 11 U.S.C. §523(a). (Doc. 1). In the Complaint, Rimrock alleges that the Debtor secretly

solicited business from Rimrock's existing customer, and diverted the business to the Debtor's solely-owned company. The Complaint contains three Counts: Count 1 is an action under §523(a)(2)(A) for false pretenses, false representations, or actual fraud; Count 2 is an action under §523(a)(4) for embezzlement; and Count 3 is an action under §523(a)(4) for larceny.

**A. Section 523(a)(2)(A)**

Section 523(a)(2)(A) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge an individual debtor from any debt obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. §523(a)(2)(A).

To establish a claim under §523(a)(2)(A), a creditor generally must show the traditional elements of common law fraud: (1) the debtor made a false representation with the intent to deceive the creditor; (2) the creditor relied on the misrepresentation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the misrepresentation. In re Sutton, 550 B.R. 917, 921-22 (Bankr. N.D. Ga. 2016).

An overt misrepresentation is not always required. Under certain circumstances, a debtor's silence or failure to disclose a material fact or pertinent information can constitute a false representation under §523(a)(2)(A). In re Zaidel, 553 B.R. 655, 663 (Bankr. E.D. WI 2016). Or as stated in In re Strauss, 523 B.R. 614, 625 (Bankr N.D. Ill. 2014), a debtor's fraudulent or deliberately misleading omission amounts to the same thing as an intentional misrepresentation.

Additionally, a "claim for actual fraud is broader than a claim for false representation," and the Supreme Court of the United States "has confirmed that actual fraud does not require a misrepresentation." In re Sutton, 550 B.R. at 922. Indeed, the Supreme Court held in Husky International Electronics, Inc. v. Ritz, 136 S.Ct. 1581, 1590 (2016):

4

> Because we must give the phrase "actual fraud" in §523(a)(2)(A) the meaning it has long held, we interpret "actual fraud" to encompass fraudulent conveyance schemes, even when those schemes do not involve a false representation.

In other words, "actual fraud is deception or trickery committed with wrongful intent." In re Utter, 2017 WL 1091875, at 3 (Bankr. M.D. Fla.)(citing Husky International Electronics, Inc. v. Ritz, 136 S.Ct. at 1590).

### 1. False pretenses, false representations, or actual fraud

In this case, the debt owed by the Debtor to Rimrock is nondischargeable under §523(a)(2)(A) based on the Debtor's false pretenses, false representations, or actual fraud.

The Debtor was Rimrock's employee, and Kona Grill was Rimrock's existing and on-going customer.

Rimrock had furnished flooring materials and installation services to Kona Grill since 2013. Beginning in 2014, while serving as Rimrock's employee, the Debtor caused his solely-owned company (Ridgepoint) to sell materials to Kona Grill. The product sold by Ridgepoint to Kona Grill was flooring tile, which was generally the same type of product or service that his employer was selling to Kona Grill.

At trial, the Debtor acknowledged (1) that the motive for the sales to Kona Grill through Ridgepoint was to make some "extra money" for himself, (2) that he never asked Rimrock whether Rimrock had an interest in providing the materials to Kona Grill, and (3) that he never disclosed the sales to Rimrock's president.

The Debtor's conduct is comparable to the conduct of the employee in In re Janssens, 449 B.R. 42 (Bankr. D. Md. 2010). In Janssens, the debtor had solicited his employer's customers for the purpose of selling or renting equipment to them, without his employer's knowledge. In re Janssens, 449 B.R.

5

at 58. The employer later filed a dischargeability action in the debtor's Chapter 7 case, and the Court found:

> In the instant case, Janssen's silence led Freedom to believe that he was dutifully serving Freedom, instead of working against its interests by diverting corporate opportunities to its competitors.
>
> Janssen's intention to deceive Freedom regarding his diversion of corporate business may be inferred from his desire to receive larger commissions from Freedom's competitors.

Id. at 76. The debt owed by the debtor to his employer in Janssen was nondischargeable under §523(a)(2)(A) of the Bankruptcy Code. See also In re Sullivan, 305 B.R. 809, 824 (Bankr. W.D. Mich. 2004)(The debtor's "theft of a corporate opportunity by nondisclosure" constituted "actual fraud" under §523(a)(2)(A), where the debtor had secretly taken his employer's business opportunity for his own personal benefit.).

### 2. Secret agreement with Smith

In this case, the Debtor contends that Terrence Ryan Smith (Smith) originated the idea of purchasing floor tile from a supplier known as Vitromex USA, Inc. (Vitromex), and selling the tile to Kona Grill without Rimrock's involvement. Smith was also employed by Rimrock as Rimrock's Director of Project Development.

According to the Debtor, Smith approached him with the proposal in December of 2014, and told him that Kona Grill wanted a particular type of Italian tile provided by Vitromex, but that Rimrock was unable to acquire the tile for Kona Grill because Vitromex only wanted to sell to buyers who had a Certificate of Authorization to Pay Use Tax. Rimrock did not have such a Certificate, but Smith's company (R&L Companies, LLC) acquired one in December of 2014. (Debtor's Exhibit 4).

The Debtor testified that he followed Smith's direction and advice regarding the proposal. Consequently, he did not believe that selling Vitromex tile to Kona Grill was a business opportunity that belonged to Rimrock, because Rimrock was unable to provide the material and service that Kona Grill wanted.

The Debtor's defense to the fraud claim fails, however, because the circumstances show that he intended to engage in a scheme to deceive Rimrock when he participated in the sales to Kona Grill.

Specifically, after Smith approached him with the proposal, the Debtor never asked Rimrock (his employer) whether Rimrock had an interest in pursuing the sales on its own behalf, and never disclosed the sales to Rimrock.

On the contrary, the Debtor knew that Rimrock was a flooring company, knew that Kona Grill was a customer of Rimrock, and knew that Rimrock had an on-going business relationship with Kona Grill during the same period in which the Debtor was selling floor tile to Kona Grill through Ridgepoint. But the Debtor never discussed the sales with Rimrock's president, or even verified whether a Certificate of Authorization to Pay Use Tax was required for the purchases from Vitromex. Instead, the Debtor discussed the sales only with Smith, even at those times when he questioned the honesty of the arrangement.

In other words, the Debtor conducted the sales to Kona Grill in a secret and unauthorized manner, which evidences his intent to deceive Rimrock, and negates his claim that the sales were not fraudulent. See In re Sullivan, 305 B.R. at 826(Actual fraud included "theft of a corporate opportunity by nondisclosure."); and In re Wisell, 494 B.R. 23 (Bankr. E.D.N.Y. 2011)(A debt was nondischargeable under §523(a), where the debtor operated a secret business for his own benefit, used

account information that had been entrusted to him by his principal, and failed to disclose the business even when given the opportunity to do so.).

**B. Section 523(a)(4) – Embezzlement**

Section 523(a)(4) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge an individual debtor from any debt for embezzlement.

Generally, embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." In re Esfahani, 2010 WL 3959607, at 4 (Bankr. M.D. Fla.)(citations omitted). To prevail under §523(a)(4), the plaintiff must show that the debtor embezzled the property with fraudulent intent. In re Lorenzo, 2010 WL 2899053, at 10-11 (Bankr. M.D. Fla.).

In this case, the debt owed by the Debtor to Rimrock is nondischargeable as a debt for embezzlement under §523(a)(4).

Rimrock entrusted property to the Debtor, and the Debtor appropriated the property for his own benefit. The property appropriated by the Debtor consisted of a corporate opportunity belonging to Rimrock.

"Florida recognizes the concept of appropriation of a corporate opportunity," where the business opportunity fits into the present activities or policy of the corporation. Cohen v. Hattaway, 595 So.2d 105, 108-09 (Fla. 5th DCA 1992)(A corporate opportunity involves a business opportunity that fits into the corporation's present activities or policies, but the corporation "need not have an existing right in the business opportunity (property))."

In this case, for example, Rimrock is a national flooring company that provides flooring materials and installation services to its customers. The Debtor appropriated the opportunity to sell a particular

8

flooring material to Kona Grill, which was an existing customer of Rimrock. The business opportunity was property of Rimrock, because it fit within Rimrock's present business activity and purpose to sell flooring materials, even if it did not have a prior contract for the specific tile ordered by the Debtor.

Rimrock had entrusted the opportunity to the Debtor in the course of their relationship as employer and employee. The Debtor was employed by Rimrock as its Estimating Manager. On April 4, 2013, the Debtor signed a Covenant Not to Compete, and agreed not to use Rimrock's files, client lists, leads, or other information for personal reasons, and not to sell or give the information to any other person during the term of his employment. (Rimrock's Exhibit 3; Debtor's Exhibit 2).

Additionally, the Debtor acknowledged at trial that he would not have had any relationship with Kona Grill for the sale of materials without Rimrock's prior contacts with the customer.

Nevertheless, while he was employed by Rimrock, the Debtor ordered floor tile from Vitromex (Rimrock's Exhibit 6), and sold the tile to Kona Grill using purchase orders issued by Kona Grill to Ridgepoint, his solely-owned company. Kona Grill paid Ridgepoint for the tile on account of invoices submitted to it by Ridgepoint. (Debtor's Exhibit 5). The payments are evidenced by four deposits into Ridgepoint's bank account between December of 2014 and March of 2015 in the total amount of $316,856.69. (Rimrock's Exhibit 9; Debtor's Exhibit 5).

The Debtor never disclosed any of the transactions to Rimrock.

Under similar circumstances, Courts have found that an employee's appropriation of a corporate opportunity from his employer constituted embezzlement for nondischargeability purposes under the Bankruptcy Code. See In re Janssens, 449 B.R. at 76-78(The debtor's diversion of his employer's business, and the use of his employer's insider information for his own benefit, amounted to

embezzlement.); In re Kearse, 2010 WL 2025518, at 2 (Bankr. D. Md.)(The debtor embezzled her employer's business opportunities, where she had no right to use the employer's information for her own benefit.); and In re Sullivan, 305 B.R. at 826(The debtor's conduct amounted to embezzlement, where he appropriated a concrete corporate opportunity to his own use, the opportunity had been entrusted to him in his capacity as an officer of the company, and the appropriation occurred in a secret and unauthorized manner.).

In this case, the Debtor embezzled a corporate opportunity belonging to Rimrock within the meaning of §523(a)(4) of the Bankruptcy Code.

**C. Section 523(a)(4) – Larceny**

Section 523(a)(4) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge an individual debtor from any debt for larceny.

Larceny is generally defined as "the fraudulent taking of another's property with the intent to convert it without the other's consent." In re Esfahani, 2010 WL 3959607, at 4. For larceny, unlike embezzlement, the original taking of the property must be unlawful. In re Lorenzo, 2010 WL 2899053, at 10-11. In other words, for embezzlement, the original taking of the property was lawful or with the consent of the owner. But with larceny, the fraudulent intent must have existed at the time of the taking. In re Harland, 235 B.R. 769, 780 (Bankr. E.D. Pa. 1999).

In this case, the business opportunity to sell flooring materials to Kona Grill belonged to Rimrock, and was entrusted by Rimrock to the Debtor in the Debtor's capacity as Rimrock's employee. It appears, therefore, that the business opportunity came lawfully into the Debtor's possession in his employment capacity. Consequently, the Debtor's appropriation of the opportunity constitutes

embezzlement for the reasons shown above, but may not constitute larceny for purposes of §523(a)(4) of the Bankruptcy Code. In re Harland, 235 B.R. at 780.

### D. Liquidation of nondischargeable debt

At trial, Rimrock asserted that it only seeks a determination of non-dischargeability at this time, and not a liquidation of Rimrock's damages. It appears, however, that the final evidentiary hearing was noticed and conducted on Rimrock's Complaint to Except Debt from Defendant's Discharge Pursuant to 11 U.S.C. §523(a). In the Complaint, Rimrock requested a money judgment against the Debtor, and the proceeding was not bifurcated prior to trial. (See, for example, Plaintiff's Pretrial Memorandum, Doc. 37).

The evidence presented at trial shows that Kona Grill paid Ridgepoint the sum of $316,856.66 as the purchase price for flooring materials sold and invoiced by Ridgepoint. (Rimrock's Exhibit 9; Debtor's Exhibit 5).

From the total sales receipts, it appears that Ridgepoint paid Smith or Smith's company the sum of $219,505.48, and made certain other disbursements for freight or related charges. After these payments and disbursements were subtracted, Rimrock determined that the amount of the Debtor's profits on Ridgepoint's sales to Kona Grill equaled the sum of $93,203.27. (Rimrock's Exhibit 4).

It further appears that the Debtor later paid the sum of $9,600.00 to Rimrock, which represented an amount that Ridgepoint was holding for future freight.

After accounting for the payment of $9,600.00, therefore, Rimrock asserted that the Debtor's final profits amounted to the sum of $82,963.27. (Rimrock's Exhibit 4; Debtor's Exhibit 8).

On the schedule of liabilities filed in his bankruptcy case, the Debtor listed Rimrock as a creditor holding an undisputed debt in the amount of $82,965.00. (Main Case, Doc. 4).

On this record, the Court determines that the amount of the nondischargeable debt owed by the Debtor to Rimrock is $82,963.27. The debt represents the amount that the Debtor received as profits on Ridgepoint's sale of flooring material to Kona Grill between December of 2014 and March of 2015.

**Conclusion**

Generally, a debt may be excepted from a debtor's discharge under §523(a)(2)(A) of the Bankruptcy Code for "actual fraud," if the debt was incurred by intentional deception or trickery. Also, a debt may be excepted from the debtor's discharge under §523(a)(4) of the Bankruptcy Code for "embezzlement," if the debtor fraudulently appropriated property that had been entrusted to him.

In this case, the Debtor was employed by Rimrock Design, Inc., a flooring company, from 2009 to 2015. At the same time, the Debtor was the sole owner of a separate entity known as Ridgepoint Design & Associates, LLC.

While he was employed by Rimrock, the Debtor used Ridgepoint to sell flooring materials to one of Rimrock's existing customers for a profit, without disclosing the transactions to Rimrock.

Under these circumstances, the Court finds that the Debtor incurred a debt to Rimrock by deception or trickery, and by misappropriating a business opportunity that had been entrusted to him by Rimrock. Consequently, the debt is nondischargeable in the Debtor's Chapter 7 case pursuant to §523(a)(2)(A) and §523(a)(4) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The debt owed by the Debtor, Jonathan M. Morris, to the Plaintiff, Rimrock Design, Inc., in the amount of $82,963.27 is excepted from the Debtor's Chapter 7 discharge as a debt obtained by false pretenses, false representations, or actual fraud pursuant to §523(a)(2)(A) of the Bankruptcy Code.

2. The debt owed by the Debtor to the Plaintiff in the amount of $82,963.27 is excepted from the Debtor's Chapter 7 discharge as a debt for embezzlement pursuant to §523(a)(4) of the Bankruptcy Code.

3. The debt owed by the Debtor to the Plaintiff is not excepted from the Debtor's Chapter 7 discharge as a debt for larceny pursuant to §523(a)(4) of the Bankruptcy Code.

4. A separate Final Judgment will be entered consistent with this Opinion.

DATED this 8 day of May, 2018.

**BY THE COURT**

PAUL M. GLENN
United States Bankruptcy Judge